**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CHARLES E. PITTMAN,

    Petitioner,

v.                                             Case No. 8:14-cv-239-T-33MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner Charles E. Pittman, a prisoner in the Florida Department of Corrections proceeding *pro se*, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). He challenges his convictions entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida, in 2009. Respondent filed a response (Doc. 22), and Pittman filed a reply (Doc. 30). Upon review, the federal habeas petition must be dismissed as time-barred.

## PROCEDURAL HISTORY

A jury convicted Pittman of robbery (count one) and trespass (count two). (Ex. 1, p. 55.) He was sentenced to twenty years of incarceration followed by five years of probation on count one, and six months of incarceration on count two. (Ex. 1, pp. 81, 146-52.) The state appellate court *per curiam* affirmed Pittman's convictions and sentences. (Ex. 4.) Pittman filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. 6.) The state court denied this motion. (Ex. 9.) The state appellate

court *per curiam* affirmed the order of denial. (Ex. 11.) Pittman then filed a second motion for postconviction relief, which the state court denied. (Exs. 14, 15.) Pittman's motion for rehearing was also denied. (Exs. 16, 17.) The state appellate court *per curiam* affirmed the rejection of Pittman's postconviction claims. (Ex. 19.)

## TIMELINESS OF FEDERAL HABEAS PETITION

### I. TIMELINESS UNDER 28 U.S.C. § 2244(d)

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year period of limitation for filing a § 2254 federal habeas petition. This one-year period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." 28 U.S.C. § 2244(d)(2).

Pittman's convictions and sentences were affirmed on appeal on March 19, 2010. (Ex. 4.) Pittman's judgment therefore became final ninety days later, on June 17, 2010, when the period to petition the Supreme Court for a writ of certiorari expired. *Clay v. United States*, 537 U.S. 522, 527 (2003); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

Sixty-three days of un-tolled time passed before Pittman filed a motion for postconviction relief on August 19, 2010. (Ex. 6.) The state court summarily denied the motion on December 3, 2010. (Ex. 9.) The state appellate court *per curiam* affirmed the order of denial on July 13, 2011; the mandate issued on August 2, 2011. (Ex. 13.)

Another 258 days of un-tolled time, for a total of 321 days, passed before Pittman filed a second postconviction motion on April 16, 2012. (Ex. 14.) The state court denied

the motion on April 26, 2012, and denied Pittman's motion for rehearing on May 21, 2012. (Exs. 15, 17.) The state appellate court *per curiam* affirmed the order of denial on March 13, 2013, and its mandate issued on April 9, 2013. (Exs. 19, 20.)

An additional 290 days of un-tolled time went by before Pittman filed his federal habeas petition on January 24, 2014. (Doc. 1.) A total of 611 days of un-tolled time, in excess of the one-year limitation period, passed between the date Pittman's judgment became final and the date he filed his federal habeas petition. Accordingly, the petition is untimely under 28 U.S.C. § 2244(d)(1)(A).[1]

## II. EQUITABLE TOLLING

The one-year limitations period set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when a petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Equitable tolling "is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)). The petitioner bears the burden of establishing the applicability of equitable tolling by making

---

[1] In his federal habeas petition, Pittman states that he had no postconviction counsel, thus resulting in delays filing his state postconviction motions. He cites *Martinez v. Ryan*, __U.S.__, 132 S.Ct. 1309 (2012). To the extent he may argue that his petition should be considered timely pursuant to § 2244(d) on the authority of *Martinez*, he is not entitled to relief. *Martinez* applies only when a habeas petitioner seeks to overcome the procedural default of a claim of ineffective assistance of trial counsel that was not raised in an initial-review collateral proceeding by asserting that the petitioner had no counsel in that proceeding or counsel was ineffective. Accordingly, the *Martinez* rule "does not apply to AEDPA's statute of limitations or the tolling of that period." *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014).

specific allegations.  *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014).

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citation and quotation marks omitted).  Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'"  *Cole*, 768 F.3d at 1158 (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)).  A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition."  *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

Pittman fails to show that he diligently pursued the timely filing of his federal habeas petition but that an intervening extraordinary circumstance prevented timely filing.  Pittman first contends that "the fact that [he] was not provided with postconviction counsel in state court must be weighed in favor of equitable tolling" because this caused delays in exhausting his state court remedies.  (Doc. 30, p. 8.)  Pittman does not establish that the absence of postconviction counsel in state court constitutes an extraordinary circumstance.  Moreover, he presents no facts alleging that he diligently pursued his rights but was prevented from timely filing his federal habeas petition because of this circumstance. Pittman's postconviction proceedings concluded upon issuance of the state appellate court's mandate affirming the rejection of his second postconviction motion on April 9, 2013.  At that time, 321 days of his one-year limitations period had expired.  Therefore, Pittman still had 44 days to timely file his federal habeas petition.  Pittman does not

...

...

demonstrate that the absence of state postconviction counsel prevented him from timely filing his federal habeas petition when he had this opportunity.[2]

Pittman also asserts that equitable tolling is warranted because of alleged deficiencies in the prison law library. He explains that the inability of "most prisoners" to afford retained counsel requires them to rely upon other inmates or inmate law clerks. (Doc. 1, p. 24.) Pittman describes the policies and procedures that he believes render the prison law library inadequate. First, Pittman complains of a lack of assistance in the preparation of pleadings. He asserts that inmate law clerks may not prepare pleadings unless the prisoner is "verifiably illiterate," and that trainees in the law library are not permitted to assist with matters other than legal research. (Id.) Second, Pittman claims that prisoners are not able to spend enough time in the law library. He states that, because of procedures involved in requesting law library appointments, "[i]n the absence of a provable court-imposed deadline, an inmate is fortunate if he can be scheduled to attend the law library twice in one month." (Id.)

Third, Pittman argues that law library appointments, which last for about three hours, do not allow for adequate legal research. He states that "most law librar[ies] have few, if any, law books" because the Department of Corrections shifted from purchasing books to providing research through computers. (Id.) However, Pittman states, "[t]he problem with that is there are only 4 computers available for research, and patrons are limited to 30-

---

[2] Pittman notes that the two-year period to file a postconviction motion under Florida Rule of Criminal Procedure 3.850 exceeds the one-year limitations period under AEDPA. To the extent he may argue that the two-year period of Rule 3.850 warrants equitable tolling or otherwise renders his petition timely, he fails to show entitlement to relief. *See Tinker v. Moore*, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (a federal habeas petitioner "must exercise his [state remedy] within one year . . . and do so in a manner that leaves him sufficient time to timely file his federal petition.").

minute intervals during law library appointments." (Id.) Pittman claims that "an inmate . . . is lucky if he can conduct legal research for 30 minutes twice per month." (Id.) Pittman further states that prisoners must take notes on any research performed on the computers, as the law library "will not print law for anyone, unless they are in confinement and do not have physical access to law library or computer." (Doc. 1, p. 24.)[3]

With regard to his own experience in the law library, Pittman states in his reply that he "is at a total loss as to how to seek redress of his grievances. . . . His only hope of figuring out how to go about doing that was the institution's law library." (Doc. 30, pp. 6-7.) Pittman further states that, "[w]ithout the benefit of an adequate law library or experienced law clerks to turn to, Petitioner is without a means by which to learn of AEDPA deadlines or how to prevent their expiration." (Doc. 30, p. 7.)

Pittman has not established that equitable tolling is warranted under these facts. Pittman shows no extraordinary circumstances that prevented him from timely filing his petition. Generally, neither a lack of access to legal research nor a prisoner's lack of legal knowledge amounts to an extraordinary circumstance that supports the application of equitable tolling. *See Miller v. Florida*, 307 Fed. App'x 366, 367-68 (11th Cir. 2009) (limited access to law library was not an extraordinary circumstance); *Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007) (a prisoner's ignorance of his legal rights is not an

---

[3] Pittman additionally asserts that because of the alleged deficiencies described in his petition, the prison law library system is "wholly inadequate to protect an inmate's rights to meaningful access to the courts." (Doc. 1, p. 24.) He claims that this state prison policy has resulted in a deprivation of his right to meaningful access to the courts. Pittman therefore seeks injunctive relief against Respondent, asking this Court to direct Respondent "to update its law library program." However, § 2254 provides for relief only on the basis that a state prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Accordingly, in alleging a violation of his right to access the courts and asking for an injunction on this basis, Pittman fails to state a claim upon which relief may be granted in this § 2254 petition.

extraordinary circumstance justifying equitable tolling); *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000) (restricted access to law library did not qualify as an extraordinary circumstance warranting equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (neither an inmate's ignorance of the law nor the inadequacy of services of inmate law clerk who assisted in drafting a habeas petition entitled petitioner to equitable tolling of limitations period).

Similarly, Pittman's allegation that the alleged inadequacies left him without means to determine the AEDPA deadline does not establish an extraordinary circumstance. *See Brandau v. Warden, FCC Coleman-Medium*, 476 Fed. App'x 367, 370 (11th Cir. 2012) ("[W]e have previously held that the absence of a copy of the statute containing the relevant deadline in a prison law library did not constitute the kind of extraordinary circumstances that would warrant equitable tolling.") (citing *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312-14 (11th Cir. 2001)).

Additionally, Pittman does not show that any alleged extraordinary circumstances prevented timely filing of his habeas petition. Pittman asserts he did not know how to determine applicable time limits under AEDPA. But he describes the law library in generalities and presents no specific information to explain how he was prevented from determining the deadline or timely filing his petition. The type of general claim he presents is insufficient to support equitable tolling:

> To show diligence, a petitioner claiming deficiencies in the prison law library must provide details of the specific actions taken toward filing the petition. *Helton*, 259 F.3d at 1314. He must show "when he found out about the library's alleged deficiency," must "state any independent efforts he made to determine when the relevant limitations period began to run," and must demonstrate how the prison "thwarted his efforts." *Id.* Absent such evidence, the connection between the petitioner's untimely filing and any

alleged inadequacies in the library is insufficient. *Id.* *Arthur v. Allen*, 452 F.3d 1234, 1254 (11th Cir. 2006), *opinion modified on other grounds on reh'g*, 459 F.3d 1310 (11th Cir. 2006). Pittman makes no such allegations. Pittman's generalized complaints do not show how any alleged inadequacy in the prison law library resulted in the late filing of his federal habeas petition. *See Paulcin v. McDonough*, 259 Fed. App'x 211, 213 (11th Cir. 2007) (equitable tolling was inapplicable where an inmate "asserted only the conclusory allegation that he was denied access to the library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding."). And while Pittman claims that the fact he filed several motions in state court demonstrates "reasonable diligence under the attendant circumstances" (Doc. 30, p. 8), his ability to file pleadings in state court does not establish diligence with regard to filing his federal habeas petition.

Because Pittman does not show that equitable tolling is warranted in his case, his petition must be dismissed as time-barred.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Pittman has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Furthermore, because Pittman is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

It is therefore

**ORDERED** that Pittman's petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.

The Clerk is directed to enter judgment against Pittman and close this case.

**ORDERED** in Tampa, Florida, on September 3, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Charles E. Pittman
Counsel of Record